NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LILIAN KORINA LOPEZ-RAMIREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-1209

Agency No.
A208-762-952

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2023**
Seattle, Washington

Before: WARDLAW and M. SMITH, Circuit Judges, and MATSUMOTO, Senior District Judge.***

Lilian Korina Lopez-Ramirez, a native and a citizen of Guatemala, petitions

for review of a Board of Immigration Appeals' (BIA) decision dismissing her appeal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kiyo A. Matsumoto, United States Senior District Judge for the Eastern District of New York, sitting by designation.

of an Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252 and deny the petition. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

Substantial evidence supports the agency's conclusion that Lopez-Ramirez's prior experiences, individually and cumulatively, do not establish harm rising to the level of past persecution. *See Antonio v. Garland*, 58 F.4th 1067, 1073 (9th Cir. 2023) (setting forth the standard for asylum based on past persecution). Lopez-Ramirez's experiences do not suggest a sustained pattern of harm. Although Lopez-Ramirez testified that she was verbally, psychologically, and physically abused by her boyfriend and her boyfriend's wife, there was no evidence that she suffered serious injuries or that there was a continued pattern of actual or threatened harm or violence. *See Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021). This abuse does not constitute past persecution.

Substantial evidence also supports the agency's conclusion that Lopez-Ramirez did not provide sufficient evidence that Guatemalan society recognized her proposed social groups of "Guatemalan women deemed defenseless [who] are

---

[1] Although the removal proceedings include Lopez-Ramirez's minor daughter, her daughter is not a part of the petition for review. Her daughter is included on and is derivative of Lopez-Ramirez's request for asylum.

considered property of the men where they live," and "family, and in particular, the petitioner's relationship to her child and the father of her child." *See Villegas Sanchez v. Garland,* 990 F.3d 1173, 1181–82 (9th Cir. 2021) ("[Petitioner's] proposed groups are not set apart, or distinct, from other persons within the society in some significant way.") (internal quotation marks and citation omitted). The Country Conditions Reports address the widespread problem of violence against women in Guatemala but do not demonstrate that Lopez-Ramirez's proposed groups are recognized in Guatemalan society as a "discrete class of persons." *Id.*

Substantial evidence supports the agency's conclusion that Lopez-Ramirez did not establish that Guatemalan authorities were unable or unwilling to protect her. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (petitioner did not establish that the Honduran government was unable or unwilling to control private persecution). Lopez-Ramirez testified that she never went to the police to report the incidents she experienced because the police "don't do anything." This assertion does not establish, let alone compel, a conclusion that reporting would have been futile or dangerous or that Guatemalan authorities were unwilling or unable to protect Lopez-Ramirez. *See id.* Further, the Country Conditions Reports do not compel the conclusion that the Guatemalan government would be unwilling or unable to assist or protect Lopez-Ramirez. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064-65 (9th Cir. 2020) (concluding, based on analogous facts and Country

Conditions Reports, that "substantial evidence supports the agency's determination that had [Petitioner] reported her abuse, the Guatemalan government could have protected her").

Moreover, substantial evidence supports the agency's alternative findings that Lopez-Ramirez did not establish that she has a well-founded fear of persecution because (a) Lopez-Ramirez's fear of future persecution was not objectively reasonable, as persecutors expressed no continuing interest in her or her child and explicitly ceased contact with her; and (b) Lopez-Ramirez did not establish that she could not reasonably relocate within Guatemala, considering that her previous mistreatment was limited to the country's San Marcos region. *See Kaur v. Garland*, 2 F.4th 823, 836 (9th Cir. 2021) (a petitioner must establish that she could not reasonably relocate if she has not established past persecution).

Finally, the BIA correctly denied withholding of removal after finding that Lopez-Ramirez had not satisfied the lower burden of proof for asylum. *See Villegas-Sanchez*, 990 F.3d at 1183 ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation.") (citation omitted). The BIA also correctly found that she waived her opportunity to appeal the IJ's unfavorable determination of her eligibility for CAT relief by failing to specifically contest the determination.

**PETITION DENIED.**